UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HANOVER INSURANCE COMPANY** | * | **CIVIL ACTION NO. 12-1680** |
| **Plaintiff** | * | |
| | * | **SECTION: H** |
| | * | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE: 5** |
| **PLAQUEMINES PARISH GOVERNMENT** | * | **MAG. ALMA L. CHASEZ** |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND REASONS

The matter before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion to Abstain.  (Doc. 7.)  For the following reasons, the Motion is DENIED.

## BACKGROUND

The Hanover Insurance Company ("Hanover") filed the instant matter on June 27, 2012. In its Complaint for Breach of Contract, Hanover alleges that Defendant, Plaquemines Parish

Government ("Plaquemines"), is indebted to it in the amount of $502,065.91.  (Doc. 1 at ¶5.) Hanover avers that Plaquemines and Catco General Contractors, LLC ("Catco") entered into a contract ("Contract") for the construction of the Boothville-Venice Community Center located in Plaquemines Parish, Louisiana ("Project").  (*Id.* at ¶6.)  Hanover, as surety, issued a Performance and Payment Bond ("Bond") for the Contract.  (*Id.* at ¶7.)

Plaintiff contends that the Contract was for an original amount of $6,845,000.00. (*Id.* at ¶8.) Change orders, however, increased the Contract amount by $95,708.29 thereby making the Contract price $6,940,708.29. (*Id.* at ¶9.) Plaintiff avers that $6,438,642.38 has been paid to Catco, leaving a remaining balance of $502,065.91. (*Id.* at ¶10.)  Plaintiff maintains that the Project was substantially completed by Catco, but Plaquemines has refused and/or failed to issue a certificate of substantial completion and has failed to pay the remaining balance.  (*Id.* at ¶¶10-11.)  In addition, persons and/or entities claiming to be subcontractors and/or suppliers of Catco have asserted payment claims against Hanover and/or recorded Statements of Claim or Privilege in the mortgage records of Plaquemines Parish.  (*Id.* at ¶12.)  Plaquemines also has asserted certain performance claims against Hanover.  (*Id.* at ¶14.)

First, Hanover alleges that it is subrogated to Plaquemine's and Catco's rights to the remaining Contract funds to the extent that Hanover made or makes any payments.  (*Id.* at ¶15.) Second, Hanover contends that it has incurred losses in excess of the remaining contract funds as a result of issuing the Bond and other bonds for Catco. (*Id.* at ¶20.)  Hanover avers that pursuant

to an Indemnity Agreement, Catco agreed to exonerate, indemnify and save harmless Hanover from and against every claim, demand, liability, cost, charge, suit, judgment, and expense which Hanover may occur as a result of issuing bonds for Catco.  (*Id.* at ¶18.)  As such, Hanover avers it is entitled to this relief from Plaquemines.  (*Id.* at ¶21.)

On July 31, 2012 Plaquemines filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to join a required party under Rule 19.  (Doc. 7.)  In the alternative, Plaquemines requested that the Court abstain. (*Id.*)  Plaintiff filed an Opposition on August 21, 2012.  (Doc. 9.)  The Court took the Motion under submission on August 29, 2012.

## LEGAL STANDARD

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*, 241 F.3d 420, 424 (5th Cir.2001). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

**LAW AND ANALYSIS**

The Court finds that it properly has subject matter jurisdiction over the instant matter under 28 U.S.C. § 1332.  Moreover, the Court finds that the failure to join Catco did not violate  28 U.S.C. § 1359.  Lastly, this Court finds that abstention is improper under the circumstances of this case. Accordingly, Defendant's Motion to Dismiss is denied.

I.      *Federal Jurisdiction*

      A.      <u>Arguments of the Parties</u>

Plaquemines asserts that the assignment by Catco to Hanover of Catco's rights to receive funds was confected solely for the purpose of creating diversity of citizenship in order to invoke federal jurisdiction. (Doc. 7-2 at 1.) Plaquemines alleges that this is in violation of 28 U.S.C. § 1359. (*Id.*)  Lastly, Plaquemines asserts that it is deprived of asserting all of its claims and defenses if Catco is not a party to the instant matter. (*Id.* at 4.) Accordingly, Plaquemines argues that the case should not proceed in equity and good conscience.  (*Id.*)

Hanover contends that as a surety it is legally subrogated to the rights of Plaquemines to

the remaining contract funds as a result of the payment claims asserted.  (Doc. 9 at 4.) Hanover contends that it is well settled in Louisiana that a surety who pays the claims of subcontractors, suppliers, and/or laborers is subrogated not just to the rights of the general contractor, but also to the rights of the owner.  (*Id.*)  Next, Hanover argues that the assignment by Catco to Hanover of its rights to receive contract funds retained by Plaquemines was not confected for the purposes of creating diversity jurisdiction.  (*Id.* at 7.)  Hanover avers that the assignment contained in the Indemnity Agreement between Catco and Hanover, is standard practice in the surety industry, is applicable to all bonds issued by Hanover for Catco, and was made three months before the Bond was issued and the contract was executed between Plaquemines and Catco. (*Id.*) As such, Hanover argues that this Court possess subject matter jurisdiction.

B.   Analysis

Diversity jurisdiction exists if the amount in controversy requirement is satisfied and there is diversity of citizenship between the plaintiffs and defendants. 28 U.S.C. § 1332(a)(2012). Complete diversity requires that the citizenship of each plaintiff must be diverse from the citizenship of each defendant.  *See Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996).

Hanover is a corporation incorporated under the laws of the State of New Hampshire with its principal place of business in Massachusetts.  (Doc. 1 at ¶1.)  Defendant Plaquemines is a political subdivision of the State of Louisiana located in and doing business in Plaquemines Parish, Louisiana. (Doc. 1 at ¶2.) Accordingly, there is complete diversity amongst the parties. Moreover,

the amount in controversy requirement is satisfied as Hanover is seeking judgments in excess of $75,000.00.

Defendant avers that while these initial qualifications may be met, 28 U.S.C. § 1359 requires the case be dismissed for lack of subject matter jurisdiction. Specifically, Defendant asserts that the assignment by Catco to Hanover of Catco's rights to receive funds was confected solely for the purpose of creating diversity of citizenship so as to invoke federal jurisdiction.

Absent the assignment Catco would be the proper Plaintiff as opposed to Hanover. Because Catco is a Louisiana limited liability company authorized to do business in the Parish of Plaquemines, State of Louisiana (Doc. 7-3 at 1), it is clear that absent the assignment this action would have to be dismissed as there would no longer be diversity among the parties. Thus, the Court must determine whether the assignment by Catco to Hanover was effected in order to divest Catco of its interest in the litigation.

28 U.S.C. § 1359 provides that "a district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. "The purpose of § 1359 is 'to prevent the manipulation of jurisdictional facts where none existed before -- for example, through collusive assignments from a non-diverse party to a diverse party'" *Walk Haydel and Associates, Inc. v. Coastal Power Prod. Co.*, 934 F. Supp. 209, 212 (E.D. La. 1996) (quoting *Nolan v. Boeing Co.*, 919 F.2d 1058, 1067 (5th Cir. 1990)). "Typically, cases where § 1359 is invoked involve an assignment

-6-

or other agreement that enables a diverse party to pursue litigation in federal court for the benefit of a non-diverse party who retains a substantial interest in the outcome of the litigation." *Walk Haydel & Associates*, 934 F. Supp. at 212.

The Court finds that § 1359 is not applicable to the instant matter. Catco and Hanover entered into an Indemnity Agreement on May 30, 2008. (Doc. 1-2.) Specifically, this Indemnity Agreement was entered into three months prior to the Bond for the Project and four years prior to this suit. The Indemnity Agreement contains an assignment wherein Hanover receives Catco's proceeds for the contracts. The Indemnity Agreement and the assignment contained within applies to surety contracts that have been executed or *may be executed* on behalf of Catco, the Indemnitors, by Hanover, the Surety. (*Id.* at 1.) Accordingly, the Indemnity Agreement was effective for the Bond entered into on August 29, 2008. (Doc. 1-3.) The Court finds that entering into this valid assignment and Indemnity Agreement three months prior to the Surety Bond in no way indicates that the parties acted in secret to achieve a fraudulent, illegal, or deceitful goal - e.g. federal jurisdiction.

These type of Indemnity Agreements and assignments are standard in the surety industry and valid under Louisiana law. In accordance with the Indemnity Agreement, the Surety (Hanover) has the exclusive right to adjust, settle, or compromise any claim, demand, suit or any other proceeding arising out of any bond against the Surety and/or the Indemnitors (Catco). (Doc. 1-2 at 1.) Hanover's Complaint alleges that claims have been made against Catco and Hanover because

of Plaquemine's failure to pay the remainder of the sums due. (Doc. 1.) Accordingly, Hanover is within its rights under the Indemnity Agreement to seek suit against Plaquemines. While Catco may have an interest in the outcome of the litigation, Louisiana law bars neither Catco nor Hanover from a subsequent action to enforce the terms of their Indemnification Agreement. *See Liberty Mutual Ins. Co., v. Pine Bluff Sand & Gravel Co., Inc.*, 89 F.3d 243, 248 (5th Cir. 1996). In the end, under the clear terms of the Indemnification Agreement, Hanover has the right to pursue claims against Plaquemines without Catco being a party to the lawsuit.

Ultimately, the Court finds that § 1359 is inapplicable. Hanover is a proper party to bring suit against Plaquemines. Moreover, the Court finds that neither the Indemnity Agreement nor the assignment contained therein was confected for the purpose of obtaining federal jurisdiction. As such, this Court properly has jurisdiction and denies Defendant's Motion to Dismiss.

II.     *Abstention*

  A.     Arguments of the Parties

Plaquemines argues that the Court should abstain as there are several pending suits against Plaquemines, Catco, and Hanover pending in the 25th Judicial Court for the Parish of Plaquemines. Plaquemines argues that due to the existence of the four prior filed State court suits, the Court should abstain from exercising jurisdiction in this matter. Plaquemines further asserts that due to the absence of Catco in the present matter it is deprived of asserting all of its claims and defenses, and therefore the case should not proceed in the federal court in equity and good conscience.

Distinguishing from the cases that Plaquemines cites in favor of abstention, Hanover argues that the principles that govern abstention militate in favor of this Court exercising jurisdiction. Further, Hanover contends that there is no reason that Plaquemines cannot assert its claims against Catco and/or Hanover in this matter. Thus, Hanover avers that due to the Court's clear duty to exercise jurisdiction in a matter that is properly before it and the ability for Plaquemines to obtain relief in this Court against Catco, Hanover requests that the Court refuse to abstain.

B.  Analysis

Abstention is the relinquishment of a federal court's jurisdiction "when necessary to avoid needless conflict with a state's administration of its own affairs." Black's Law Dictionary (8th ed.2004). Abstention is available only in certain, quite limited circumstances. Generally, the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Abstention is extraordinary and narrow exception to court's duty to adjudicate controversy properly before it. Id. Ultimately, abstention applies only in narrowly limited special circumstances. *Zwickler v. Koota*, 389 U.S. 241, 248 (1967).

In order to determine if the *Colorado River* abstention doctrine applies, the Court must first inquire into whether the federal and the state actions are parallel. *Diamond Offshore Co. v. A & B Builders*, 302 F.3d 531, 540 (5th Cir. 2002), overruled on other grounds by *Grand Isle Shipyard Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 788. Suits are "parallel" if they "involv[e] the same parties and

the same issues." *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir.2006); *see also Republic Bank Dallas, Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir.1987). Furthermore, a federal case is considered parallel when "there is 'a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Kenner Acquisitions, LLC v. BellSouth Telecomm., Inc.*, No. 06-3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007) (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691,694 (7th Cir. 1979)).

Even when the parties and issues are the same, however, the Supreme Court has emphasized that abstention is justified only under the most exceptional of circumstances. *Colorado River*, 424 U.S. at 813; *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir.2006). To determine whether "exceptional" circumstances exist in a given case, courts consider six factors: (1) the assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Colorado River*, 424 U.S. at 818–19; *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 18–26 (1983). No one factor is determinative. Moreover, all applicable factors must be carefully balanced in a given case, "with the balance heavily weighted in favor of exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

This Court first finds that the instant matter is not a parallel proceeding under the relevant

abstention jurisprudence.  While all pending litigation cited by Plaquemines does pertain to the Project, the parties and the issues in the instant matter are different from those in the State court proceedings.  The plaintiffs in the State court proceedings are System Painters & Drywall, Mayeaux's Air Conditioning and Heating, and Cajun Concrete Services. These plaintiffs brought suit for non-payment of services performed and materials furnished against differing defendants. (*See* Docs. 7-3, 7-4, 7-5.)  While Catco and Hanover are defendants in the state court proceedings, it is unlikely that the state litigation will dispose of the claims presented to this Court.  This litigation involves issues of legal subrogation and contractual indemnity between only Hanover and Plaquemines.  The various state court proceedings involve breach of contract claims on different contracts. Thus, the issues presented to the State court are distinct and separate from the contract interpretation at issue in this case.  Moreover, a resolution as between these two parties will not resolve, but merely assist, the resolution of payment of the state court proceedings.

Even if the proceedings were considered parallel, there are no "exceptional circumstances" present that would require the Court to abandon its obligation to exercise subject matter jurisdiction.  First, the Court finds that there is no inconvenience to either party to in this jurisdiction. Second, there will be no piecemeal litigation as the instant matter focuses on only the rights and obligations of Hanover and Plaquemines.  In fact, the Court notes that a decision in the instant matter may assist in the resolution of the State court proceedings.  Third, while State court proceedings were filed by the individual contractors prior to this suit, Plaquemines filed no claims

-11-

against Hanover in any of those actions until after June 27, 2012 -- after this suit had been filed. Accordingly, the instant matter trumps the State court dispute among these parties. Finally, while no federal law will be assessed in this litigation, it is the parties right to have their case tried in a federal forum when jurisdictional requirements have been met. Ultimately, the Court finds that these factors weigh in favor of this Court exercising its unflagging right to adjudicate the controversy properly before it.

This Court further notes that nothing prevents Plaquemines from asserting a third-party demand against Catco in this proceeding. Plaquemines goes to great lengths to detail how it would be prejudiced if Catco were not made a party to this suit. (Doc. 7-2 at 3-4.) Joinder of Catco as a Plaintiff is not the only mechanism to which Catco may be a party to this suit. *See* Fed. R. Civ. P. 14. Accordingly, this argument is unconvincing.

Ultimately, "abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. This Court finds that the instant matter does not present an appropriate situation in which the Court should to adjudicate cases properly before it. *See id.* Accordingly, the Court declines to abstain from adjudicating the instant matter and retains jurisdiction.

**CONCLUSION**

-12-

For the foregoing reasons. Defendant's Motion to Dismiss, or in the Alternative, Motion to Abstain (Doc. 7) is DENIED.

New Orleans, Louisiana on this 16th day of April, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**