**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**HANOVER INSURANCE COMPANY**                    **CIVIL ACTION**


**VERSUS**                                       **NO. 12-1680**


**PLAQUEMINES PARISH GOVERNMENT**                **SECTION "H"(5)**


## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 65) filed by third-party defendant, Mayeux's Air Conditioning and Heating, LLC ("Mayeux's").  For the following reasons, the Motion is DENIED.


## BACKGROUND

This case involves the construction of a community center in Boothville, LA.  In 2008, Defendant, Plaquemines Parish, hired Catco General Contractors to build a community center. Plaintiff, Hanover Insurance Company, issued the performance bond for the project.  Due to several

1

disputes regarding the quality of the work completed, Plaquemines refused to tender the final payment on the construction contract to Catco.  Catco in turn refused to pay certain subcontractors on the project, including Mayeaux's.  These subcontractors filed claims with Hanover seeking amounts due on the subcontracts.  Hanover then instituted the instant litigation wherein it claims that Plaquemines wrongfully withheld the final payment from Catco, thus causing Hanover to be subject to several hundred thousand dollars in various claims.

On May 29, 2013, in response to Hanover's Complaint in this litigation, Plaquemines asserted a counterclaim against Hanover and a third-party demand against Catco and several other entities who were allegedly involved in the design of the community center.  Plaquemines' counterclaim and third-party demand alleges that Catco failed to complete the construction according to specifications.  On June 21, 2013, in response to Plaquemines' counterclaim, Hanover filed a third-party demand against several of the subcontractors involved in the construction of the community center.  Specifically at issue in the instant Motion is Hanover's claim against Mayeux's.  Hanover claims that Mayeux's failed to properly install the heating and air-conditioning system in the community center.  Thus, according to Hanover, Mayeux's is liable to Hanover to the extent that Hanover/Catco is liable to Plaquemines for the allegedly improper air-conditioning installation.  Hanover's only claim against Mayeux's is for indemnification.

In July 2012, Mayeaux's filed a state court action against Hanover seeking final payment for the work Mayeaux's performed on the community center.   In January 2013, Hanover and

2

Mayeaux's settled the state court litigation and the suit was dismissed with prejudice.  Mayeaux's alleges that the dismissal of the state court suit precludes Hanover's claims against Mayeaux's in the current litigation pursuant to the doctrine of *res judicata*.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c) (2012).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex Corp. v. Catrett*, 477

U.S. 317, 324 (1986).  "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).  "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.  We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."  *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Mayeaux's presents two arguments in favor of its *res judicata* claim.  The Court will address each in turn.

Mayeaux's first argues that Hanover's indemnification claim is precluded by the final judgment of a Louisiana state court.  It is well–settled that federal courts "asked to give *res judicata* effect to a state court judgment[] must give the same preclusive effect to the state court judgment as that state's courts would give to it."  *Zatarain v. WDSU-Television, Inc.*, 79 F.3d 1143 (5th Cir. 1996).  Thus, the Court must apply Louisiana law of *res judicata*.  Under Louisiana law, an action is precluded when (1) there is a prior valid judgment; (2) the prior judgment is final; (3) the parties in the prior suit and the present suit are the same; (4) the cause(s) of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause(s) of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.  *Gabriel v. Lafourche Parish Water Dist.*, 112 So. 3d 281, 284 (La. Ct. App. 1st Cir. 2013) (citing *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003)).  Because the Court finds that Hanover's indemnity claim against Mayeux's did not exist at the time of the final judgment in the state court litigation, it is not necessary to address the remaining elements.

Hanover argues that a cause of action in indemnity does not arise until the indemnitee is cast in judgment.  Since Hanover has not yet been cast in judgment for the liability on which it seeks indemnity, Hanover claims that its indemnity action does not technically "exist" under Louisiana law.  Thus, the action necessarily did not exist at the time final judgment was entered in the state court litigation.  The Court agrees.

"Under Louisiana law, a cause of action accrues when a party has the right to sue." *Ebinger*

5

*v. Venus Const. Corp.*, 65 So. 3d 1279, 1286 (La. 2011).  A cause of action does not accrue until a party has suffered damages.  *Id*.  A party seeking indemnification acquires an "unvested, conditional right to indemnification" at the time suit is filed against it, but the cause of action does not fully accrue until the party seeking indemnity is cast in judgment.  *Id*. at 1282, 86.  Since Hanover has not yet been cast in judgment, its claim for indemnification has not accrued.  Therefore, Hannover's indemnity action did not exist at the time of the state court judgment and the claim is not *res judicata*.

However, Mayeaux's also argues that Hanover's indemnity claim is *res judicata* because it was released pursuant to the settlement of the state court suit.  Mayeaux's correctly argues that a settlement or compromise can form the basis of a claim of *res judicata* under Louisiana Law.  *Brown v. Drillers, Inc.*, 630 So. 2d 741, 747 (La. 1994).  The party asserting the defense of *res judicata* based on a settlement bears the burden of proving that the settlement is valid and that the parties intended to settle the claim at issue.  *Id*.  Louisiana's general principles of contract interpretation apply to the interpretation of a settlement agreement.  *Id*. at 748.

"According to the Louisiana Civil Code, '[i]nterpretation of a contract is the determination of the common intent of the parties.'"  *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007) (quoting La. Civ. Code art. 2045).  In probing this intent, a court looks first to the four corners of the contract.  *See Ortego v. State, Dept. of Transp. & Dev.*, 689 So. 2d 1358, 1363 (La. 1997).  "When the words of a contract are clear and explicit and lead to no absurd consequences, no

6

further interpretation may be made in search of the parties' intent."  La. Civ. Code art. 2046.

The Louisiana Civil Code also provides several supplementary rules of construction which apply exclusively to compromise agreements.  La. Civ. Code art. 3076 provides that "a compromise settles only to those differences that the parties clearly intended to settle."  Furthermore, "a compromise does not affect rights subsequently acquired by a party, unless those rights are expressly included in the agreement."  La. Civ. Code art. 3078.

Mayeaux's has submitted a copy of the settlement agreement.  The Court has reviewed the document and finds that it is clear and unambiguous.  The agreement provides, in pertinent part: "Mayeaux's does hereby release, acquit and forever discharge the Plaquemines Parish Government ("Plaquemines") and Hanover from any and all claims, demands, suits, judgments, damages, liens and claims of whatever kind or nature."  The agreement clearly and explicitly discharges Mayeaux's claims against Hanover and Plaquemines but makes absolutely no mention of any claims which Hanover and Plaquemines may have.  Therefore,  Mayeaux's has failed to carry its burden of proving the parties "clearly intended to settle" Hanover's indemnity claim against Mayeaux's.

**CONCLUSION**

For the foregoing reasons, Mayeaux's Motion for Summary Judgment is DENIED.


New Orleans, Louisiana, this 5th day of May, 2014.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

8