UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANOVER INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12–1680** |
| **PLAQUEMINES PARISH GOVERNMENT** | **SECTION "H"(5)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Crossclaim (Doc. 306). For the following reasons, the Motion is DENIED.

## BACKGROUND

In 2008, Defendant Plaquemines Parish ("the Parish") hired Catco General Contractors to construct a community center in Boothville, LA. Plaintiff Hanover Insurance Company issued a performance bond for the project. Due to several disputes regarding the quality of the completed work, the Parish refused to tender the final payment on the construction contract to Catco. Catco in turn

1

refused to pay certain subcontractors on the project. Those subcontractors filed claims with Hanover seeking amounts due on the subcontracts. Hanover then instituted the instant litigation claiming that the Parish wrongfully withheld the final payment from Catco, resulting in several hundred thousand dollars in various claims against Hanover.

On May 29, 2013, in response to Hanover's Complaint, the Parish asserted a counterclaim against Hanover and a third-party demand against Catco and several other entities who were allegedly involved in the design of the community center. The Parish's counterclaim and third-party demand allege that Catco failed to complete the construction according to specifications. On June 21, 2013, in response to the Parish's counterclaim, Hanover filed a third-party demand against several of the subcontractors involved in the construction of the community center.

Amerisure Mutual Insurance Company ("Amerisure") is Catco's general liability insurer. Amerisure is named as a third-party defendant on several of the above-mentioned third-party demands. In response to the claims made against it and Catco, Amerisure filed a crossclaim against five of Catco's subcontractors. One subcontractor, Thrasher Construction, filed the instant Motion to Dismiss.

In the crossclaim, Amerisure alleges that, to the extent that Catco ultimately may become liable to Plaquemines and/or Hanover, the five named subcontractors are liable to Catco (and, by extension, Amerisure). While Amerisure and Catco deny that Catco is liable to Plaquemines and/or Hanover,

they claim that any eventual liability will only be imposed because the named subcontractors failed to properly complete the challenged work.

Amerisure's crossclaim relies on two alternative legal theories. First, Amerisure claims that it is subrogated to Catco's rights against the subcontractors. Second, Amerisure claims that it is a third-party beneficiary of the contracts between Catco and the subcontractors. None of the subcontractors have moved to dismiss the subrogation claim, and only Thrasher has moved to dismiss the third-party beneficiary claim.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] The complaint must contain enough factual allegations to raise

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[6] "A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted."[7] Nonetheless, if it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8]

## LAW AND ANALYSIS

Thrasher argues that Amerisure's is not a third-party beneficiary of the subcontract between Thrasher and Catco. The parties agree that, in order to recover under a third-party beneficiary theory,[9] Amerisure must show that "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee."[10]

In its crossclaim, Amerisure clearly alleges that it is a third-party beneficiary of the subcontract between Catco and Thrasher. The crossclaim explains that the subcontract requires Thrasher to defend and indemnify Catco against any claims asserted against Catco arising out of work that Thrasher was obligated to perform under the subcontract. Amerisure further contends that

---

[6] *Lormand*, 565 F.3d at 255–57.

[7] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141,147 (5th Cir.2009).

[8] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

[9] Louisiana law uses the terms "stipulation *pour autrui*" and third party beneficiary interchangeably. *See Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 10/15/06).

[10] *Id.*

4

Hanover and Plaquemines currently assert claims against Catco arising out of work that Thrasher was supposed to perform. Thus, according to Amerisure, Thrasher is obligated to defend and indemnify Catco against those claims. Finally, Amerisure alleges that Thrasher is also obligated to defend and indemnify Amerisure because Amerisure is a third-party beneficiary to the contract. In particular, Amerisure contends that paragraph 13 of the contract between Catco and Thrasher contains a clear stipulation for its benefit. That provision reads:

> Subcontractor covenants and agrees to defend, indemnify, exonerate, and hold harmless the Owner, Architect, Contractor and Contractor's Surety and their respective consultants, agents, and employees from and against:
> (a) every claim or action for breach of contract or otherwise filed or presented by the Owner or other person, firm or entity arising out of or related to any work or operation performed by, for, or on behalf of, the Subcontractor . . .[11]

For its part, Thrasher presents several arguments regarding the intent of the parties and the purpose of the contract. These arguments, however, are not appropriate on a motion to dismiss. When evaluating a complaint pursuant to Rule 12(b)(6), the Court only asks whether it establishes a possibility of recovery. In this case, Amerisure has plausibly alleged that the subcontract contains a clear stipulation for its benefit. To the extent that Thrasher contends that Amerisure's reading of the subcontract is wrong, those arguments are more

---

[11] Doc. 306-2, p. 4.

appropriate for a later date.

## CONCLUSION

For the foregoing reasons, Thrasher's Motion to Dismiss is DENIED.

New Orleans, Louisiana, this 15th day of January, 2015.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**