UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HANOVER INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 12–1680 |
| PLAQUEMINES PARISH GOVERNMENT | SECTION "H"(5) |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment (Doc. 359) and a Motion to Conduct Discovery pursuant to Rule 56(d) (Doc. 371). For the following reasons, the Motion for Partial Summary Judgment is GRANTED, and the Motion to Conduct Discovery is DENIED. Plaquemines Parish's claims against Federated National Insurance Company are DISMISSED WITH PREJUDICE.

## BACKGROUND

In 2008, Defendant Plaquemines Parish ("the Parish") hired Catco General Contractors to construct a community center in Boothville, LA. Plaintiff Hanover Insurance Company issued a performance bond for the project. Due to

1

several disputes regarding the quality of the completed work, the Parish refused to tender the final payment on the construction contract to Catco. Catco in turn refused to pay certain subcontractors on the project. Those subcontractors filed claims with Hanover seeking amounts due on the subcontracts. Hanover then instituted the instant litigation claiming that the Parish wrongfully withheld the final payment from Catco, resulting in several hundred thousand dollars in various claims against Hanover.

On May 29, 2013, in response to Hanover's Complaint, the Parish asserted a counterclaim against Hanover and a third-party demand against Catco and several other entities who were allegedly involved in the design of the community center. The Parish's counterclaim and third-party demand allege that Catco failed to complete the construction according to specifications. On June 21, 2013, in response to the Parish's counterclaim, Hanover filed a third-party demand against several of the subcontractors involved in the construction of the community center.

These initial filings spawned an avalanche of litigation. There are now more than 90 pleadings and 30 parties in this matter. Presently before the Court are the Parish's claims against Federated National Insurance Company ("FNIC"). FNIC was the general liability insurer for Eagle Exteriors, the stucco subcontractor on the project. The Parish asserts two claims against Eagle: (1) that Eagle negligently installed the stucco on the building and (2) that Eagle breached its contract to install the stucco. The Parish asserts the same two

claims against FNIC pursuant to Louisiana's Direct Action Statute.[1]

Eagle Exteriors has not appeared in this litigation, and the Court entered default against it on January 27, 2015. FNIC has appeared and filed the instant Motion for Partial Summary Judgment, arguing that the policy it issued to Eagle does not provide coverage for either of the Parish's claims, and, alternatively, that the negligence claim is prescribed. In response, the Parish moves the Court to deny the Motion pursuant to Rule 56(d) and permit further discovery on the prescription issue.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to

---

[1] La. Rev. Stat. § 22:1269.

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

Rule 56(d) permits a court to deny a motion for summary judgment, or to defer consideration of it, pending necessary discovery.  Rule 56(d) relief is available when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[10]  "Rule 56[(d)] allows for further discovery to safeguard non-moving parties from

---

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10] Fed. R. Civ. Pro. 56(d).

4

summary judgment motions that they cannot adequately oppose."[11] "Such motions are broadly favored and should be liberally granted."[12] Nonetheless, "a request to stay summary judgment under Rule 56[(d)] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[13] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[14]

## LAW AND ANALYSIS

FNIC moves to dismiss both of the Parish's claims against it. First, it argues that both of the Parish's claims are specifically excluded from coverage under the policy it issued to Eagle. FNIC relies specifically on the breach of contract exclusion in the policy, which provides:

> This insurance does not apply and no duty to defend is provided by us for "bodily injury", "property damage", "personal injury" and "advertising injury" for claims, "suits", accusations, charges or any loss, costs or expense, whether express or oral, for breach of contract, breach of an implied in law or implied in fact contract. This exclusion also applies to any additional insured

---

[11] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[12] *Id.*

[13] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

[14] *Id.*

5

under this policy.

The primary issue on this Motion is whether the breach of contract exclusion precludes coverage for the Parish's negligence claim. The Parish does not dispute that the policy exclusion clearly and unambiguously excludes coverage for breach of contract claim. Nor does the Parish argue that the exclusion is unenforceable. Thus, from the outset, it is clear that the policy provides no coverage for the breach of contract claim. The Parish argues, however, that the exclusion does not preclude coverage for the Parish's negligence claim. The Court disagrees.

In *Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Casualty Company*, the Fifth Circuit considered whether a nearly identical breach of contract exclusion applied to preclude coverage for a breach of contract and a tort claim brought under the same set of facts.[15] Looney Ricks was an architectural firm that prepared drawings for an apartment complex in Baton Rouge.[16] Prior to completing the drawings, Looney Ricks executed a contract with the owner of the project, Steve Bryan.[17] The contract provided that the drawings remained the intellectual property of Looney Ricks and that Mr. Bryan could not use the drawings without the consent of Looney Ricks.[18] This standard provision prohibited Mr. Bryan from hiring another firm to complete the project

---

[15] 677 F.3d 250 (5th Cir. 2012).

[16] *Id.* at 253.

[17] *Id.*

[18] *Id.* at 253–54.

6

as designed by Looney Ricks.[19] As it turned out, that is precisely what Mr. Bryan did.[20] Several years after he received the drawings, one of Mr. Bryan's companies began construction on the apartment complex using the Looney Ricks drawings.[21] Looney Ricks filed suit asserting claims for breach of contract and copyright infringement.[22] Mr. Bryan's insurers intervened in the suit and sought summary judgment on the ground that the breach of contract policy exclusion precluded coverage for the claims made in the suit.[23] The district court held that the insurers owed a defense to Mr. Bryan and his companies, but that the policies did not provide coverage for the allegations in the suit.[24] All parties appealed.[25]

On appeal, the Fifth Circuit noted that the Louisiana Supreme Court had never considered "whether [the] breach of contract exclusion applies to preclude liability for a statutory tort which an insured had a contractual obligation not to commit."[26] In making an *Erie* guess, the court concluded that the exclusion precludes coverage for tort claims only under certain circumstances.[27] Specifically, the court concluded that Louisiana would likely adopt the "but for"

---

[19] *Id.*
[20] *Id.* at 254.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.* at 255.
[25] *Id.*
[26] *Id.* at 256.
[27] *Id.* at 256–57.

7

test adopted by several other states.[28] This test provides that the exclusion only applies when the damages sought pursuant to the tort claim would not have arisen but for the breach of contract.[29] The Fifth Circuit noted that this result was consistent with several Louisiana appellate cases.[30] In particular the court relied on *In re St. Louis Encephalitis Outbreak in Ouachita Parish*[31] and *Everett v. Philibert*.[32] A comparison of *In re St. Louis* and *Everett* clearly illustrates why the Parish's negligence claim against FNIC must be dismissed.

*In re St. Louis* was a mass tort action brought by several citizens of Ouachita Parish against the parish, a mosquito abatement contractor (MCI), and its insurers.[33] The plaintiffs alleged that the defendants were responsible for an encephalitis outbreak that occurred because they failed to properly control the mosquito population.[34] MCI's insurers filed motions for summary judgment, alleging that the breach of contract policy exclusion precluded coverage for the plaintiffs' claims.[35] Louisiana's Second Circuit concluded that the exclusion did not apply.[36] The court explained that the plaintiffs could assert both breach of

---

[28] *Id.* at 257.

[29] *Id.*

[30] *Id.* at 256.

[31] 939 So. 2d 563 (La. App. 2 Cir. 2006).

[32] 13 So. 3d 616, 617 (La. App. 1 Cir. 2009).

[33] *In re St. Louis*, 939 So. 2d at 565.

[34] *Id.*

[35] *Id.*

[36] *Id.* at 566.

8

contract[37] and tort claims because the claims arose from separate legal duties.[38] Specifically, the court noted that "Plaintiffs have alleged a breach of duty owed to *all persons* which supports an action in tort."[39]  Because the tort claim depended on a legal duty completely separate from the duties imposed in the contract at issue, the breach of contract exclusion did not preclude coverage.[40]

In *Everett*, however, the Louisiana First Circuit held that a breach of contract exclusion did preclude coverage for a related tort claim.[41]  *Everett* involved the construction of a residential property.[42]  The Everetts hired the defendants to construct a new residential home.[43]  However, as construction on the home progressed, severe deficiencies began to emerge eventually leading the parties to cancel the contract.[44]  The Everetts filed suit against defendants and their insurer asserting claims for breach of contract, negligence, and violations of the New Home Warranty Act.[45]  The insurer sought summary judgment on the grounds that the breach of contract and negligence claims were precluded by the breach of contract exclusion.[46]  The trial court granted the motion and plaintiffs

---

[37] The plaintiffs alleged that they were third party beneficiaries of MCI's contract with the parish. *Id*.

[38] *Id*. at 567.

[39] *Id*. (emphasis added).

[40] *Id*.

[41] *Everett*, 13 So. 3d at 620.

[42] *Id*. at 618.

[43] *Id*.

[44] *Id*.

[45] *Id*.

[46] *Id*. The New Home Warranty Act claim was not at issue on appeal.

9

appealed.[47] On appeal, the First Circuit held that (1) none of the exclusions at issue were ambiguous, and (2) the breach of contract exclusion precluded coverage for the claims.[48] The court agreed that the same set of facts may often give rise to both contract and tort claims.[49] However, the court held that in order for a tort claim to exist alongside a breach of contract claim "the negligence claim [must be] separate and distinct and not arising from the breach of contract claim. Particularly, the tort claim must arise from a duty other than one imposed by the contract."[50] In *Everett*, the negligence claims all arose from defendants' duty to construct the house competently.[51] Because that duty was imposed by contract and personal to the owners, the First Circuit concluded that "[t]here is no showing of a breach of a general duty. The only allegations in the petition are for breaches of duty confected by contract."[52] Thus, the breach of contract exclusion precluded the Everetts' claims.[53]

Applying the logic of *Looney Ricks*, *In re St. Louis*, and *Everett* to this case, it is clear that the breach of contract exclusion in FNIC's policy precludes coverage for the Parish's negligence claim. The Parish that Eagle was negligent

---

[47] *Id.*

[48] *Id.* at 620. In the Parish's opposition, it claims that *Everett* is distinguishable from this case because the insurer in *Everett* relied on multiple policy exclusions. The Court disagrees. The *Everett* court made two distinct holdings. First, it held that none of the multiple alternative policy exclusions relied on by the insurer were ambiguous. The court then went on to hold that the breach of contract exclusion standing alone precluded coverage.

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.*

10

by: "failing to follow generally accepted construction practices and by negligently constructing the Building, by failing to properly oversee and undertake the construction of its work, by causing and/or contributing to delays, and by failing to adhere to standards for a reasonably prudent contractor in the Plaquemines Parish area."[54] All of the duties alleged by the Parish are personal to the Parish in its capacity as owner of the building and would not have existed but for the contract at issue.  The Parish has not alleged that Eagle breached any general duty owed to the public at large.  Accordingly, the breach of contract exclusion applies to both of the Parish's claims.

FNIC has also argued that the Parish's negligence claim is prescribed.  Given the Court's holding that the policy excludes coverage for the negligence claim, it is not necessary for the Court to reach this argument.  Because the prescription issue is moot, the Parish's Motion for Discovery must also be denied.

## CONCLUSION

For the foregoing reasons, FNIC's Motion for Partial Summary Judgment is GRANTED, the Parish's Motion to Conduct Discovery is DENIED, and the Parish's claims against FNIC are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of March, 2015.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[54] Doc. 216, p. 26.

11