**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**


**HANOVER INSURANCE COMPANY**          **CIVIL ACTION**


**VERSUS**                                              **NO. 12–1680**


**PLAQUEMINES PARISH GOVERNMENT**          **SECTION "H"(5)**


## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 461).  For the following reasons, the Motion is GRANTED.   Hanover's claims against Federated National Insurance Company are DISMISSED WITH PREJUDICE.


## BACKGROUND

In 2008, Defendant Plaquemines Parish ("the Parish") hired Catco General Contractors to construct a community center in Boothville, LA.  Plaintiff Hanover Insurance Company issued a performance bond for the project.  Due to several disputes regarding the quality of the completed work, the Parish refused to tender the final payment on the construction contract to Catco.  Catco in turn refused to pay certain subcontractors on the project.  Those subcontractors filed

1

claims with Hanover seeking amounts due on the subcontracts.  Hanover paid those claims and instituted the instant litigation.  Hanover claims that the Parish wrongfully withheld the final payment from Catco, resulting in several hundred thousand dollars in various claims against it.

On May 29, 2013, in response to Hanover's Complaint, the Parish asserted a counterclaim against Hanover and a third-party demand against Catco and several other entities who were involved in the design of the community center. The Parish's counterclaim and third-party demand allege that Catco failed to complete the construction according to specifications.  On June 21, 2013, in response to the Parish's counterclaim, Hanover filed a third-party demand against several of the subcontractors involved in the construction of the community center.

These initial filings spawned an avalanche of litigation.  There are now more than 90 pleadings and 30 parties in this matter.  Presently before the Court are Hanover's claims against Federated National Insurance Company ("FNIC").  FNIC was the general liability insurer for Eagle Exteriors, the stucco subcontractor on the project.  Hanover has asserted claims against Eagle for contribution and indemnity.  Hanover alleges that, pursuant to Eagle's contract with Catco, Eagle is obligated to defend and indemnify Catco for any damages sustained by Catco as a result of Eagle's failure to properly perform on the contract.  Hanover claims to be subrogated to Catco's rights under the contract. Hanover also asserts a claim against FNIC pursuant to Louisiana's Direct Action

2

Statute.[1]  Hanover alleges that Eagle was obligated to procure insurance for the benefit of Catco in the contract.  As it turns out, Eagle failed to procure the relevant insurance.  Hanover claims that FNIC is nonetheless liable for Eagle's breach of contract and Eagle's failure to indemnify Catco.  The Parish also asserted claims directly against Eagle and FNIC for breach of contract and negligence.  Eagle Exteriors has not appeared in this litigation, and the Court entered default against it on January 27, 2015.  On March 19, 2015, the Court granted FNIC's motion to dismiss the Parish's claims against it.  Now FNIC moves to dismiss Hanover's claims.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4]  "If the moving party meets the initial burden

---

[1] La. Rev. Stat. § 22:1269.

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

FNIC moves to dismiss Hanover's claims against it, arguing that the claims are specifically excluded from coverage under the policy it issued to Eagle. FNIC relies specifically on the breach of contract exclusion in the policy, which

---

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

provides:

> This insurance does not apply and no duty to defend is
> provided by us for "bodily injury", "property damage",
> "personal injury" and "advertising injury" for claims,
> "suits", accusations, charges or any loss, costs or
> expense, whether express or oral, for breach of contract,
> breach of an implied in law or implied in fact contract.
> This exclusion also applies to any additional insured
> under this policy.

This Court has already held that the exclusion is valid, enforceable, and that it precludes coverage for both breach of contract and related negligence claims asserted against Eagle.[10]  In an effort to escape this conclusion, Hanover offers two arguments.  The Court will address each in turn.

First, Hanover claims that it has not asserted breach of contract claims against Eagle or FNIC.  Instead, it claims that "the claim of Hanover against Eagle and its insurer, FNIC, is not for breach of contract, but rather to enforce a provision in a subcontract which would entitle Catco and Hanover to defense and indemnification."[11]  Hanover insists that its claim to enforce a contractual provision is not a breach of contract claim.  The Court is not convinced.  Fairly read, Hanover claims that Eagle was contractually obligated to do something, that Eagle failed to do it, and that Hanover was damaged thereby.  This is a textbook breach of contract claim.

Second, Hanover alleges that FNIC's blanket breach of contract exclusion

---

[10] *Hanover Ins. Co. v. Plaquemines Parish Gov't*, No. 12–1680, 2015 WL 1268314 (E.D. La. Mar. 19, 2015).

[11] Doc. 465, p.5.

5

does not apply because the policy contains a more limited breach of contract exclusion that provides coverage for "insured contracts" and that Catco's contract with Eagle is such a contract.  This argument is also rejected.  The limited breach of contract exclusion to which Hanover refers is contained in the main body of the policy.  The blanket breach of contract exclusion is contained in a policy endorsement that specifically replaces the limited exclusion with the one quoted by the Court above.  Louisiana law provides that, "if coverage is provided for in the policy, but then excluded in the attachment to the policy, coverage will be excluded."[12]  Thus, even assuming that Catco's contract with Eagle is an "insured contract" such that the main policy covers claims for breaches of it, the endorsement clearly excluding coverage for all breach of contract claims controls.  Accordingly, the FNIC policy unambiguously excludes coverage for all of Hanover's claims.

## CONCLUSION

For the foregoing reasons, FNIC's Motion for Summary Judgment is GRANTED and Hanover's claims against FNIC are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 29th day of June, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Chicago Prop. Interests, L.L.C. v. Broussard*, 8 So. 3d 42, 49 (La. Ct. App. 5 Cir. 2009).

6