**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HANOVER INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12–1680** |
| **PLAQUEMINES PARISH GOVERNMENT** | **SECTION "H"(5)** |

## ORDER AND REASONS

Before the Court are five Motions to Dismiss (Docs. 469, 471, 472, 479, and 491) and two Motions for Partial Summary Judgment (Docs. 517 and 519). For the following reasons, the Motions to Dismiss and All South's Motion for Partial Summary Judgment (Doc. 519) are DENIED, and Plaquemines Parish's Motion for Partial Summary Judgment (Doc. 517) is GRANTED. The Court holds that comparative fault is not available as a defense to breach of contract claims under Louisiana law.

## BACKGROUND

In 2008, Defendant Plaquemines Parish ("the Parish") hired Catco General Contractors to construct a community center in Boothville, LA. Plaintiff

Hanover Insurance Company issued a performance bond for the project. Due to several disputes regarding the quality of the completed work, the Parish refused to tender the final payment on the construction contract to Catco. Catco in turn refused to pay certain subcontractors on the project. Those subcontractors filed claims with Hanover seeking amounts due on the subcontracts. Hanover paid those claims and instituted the instant litigation. Hanover claims that the Parish wrongfully withheld the final payment from Catco, resulting in several hundred thousand dollars in various claims against it.

On May 29, 2013, in response to Hanover's Complaint, the Parish asserted a counterclaim against Hanover and a third-party demand against Catco and several other entities who were involved in the design of the community center. The Parish's counterclaim and third-party demand allege that Catco failed to complete the construction according to specifications. On June 21, 2013, in response to the Parish's counterclaim, Hanover filed a third-party demand against several of the subcontractors involved in the construction of the community center.

These initial filings spawned an avalanche of litigation. There are now more than 90 pleadings and 30 parties in this matter. Generally speaking, there are three layers of claims before the Court.[1] The first consists of claims between the Parish and the parties with which it contracted directly: Catco (the general contractor); Sizeler, Thompson, Brown Architects (the architect); All South Consulting Engineers, LLC (the project manager); and Hanover (Catco's surety)

[1] The Court intends this description to be a general statement in order to add clarity to this Order.

(collectively "the Primary Contractors"). The second layer of claims are the Parish's claims against the subcontractors involved in the project. The Parish has asserted both negligence and breach of contract claims against each of the subcontractors. The Parish contends that the Primary Contractors and the subcontractors are solidarily liable with each other pursuant to Louisiana law. The Parish's solidarity allegations produced the third layer of claims. These are claims between various contractors and/or subcontractors for contribution and indemnity under Louisiana law. Additionally, some of the parties sued by the Parish have asserted comparative fault as a defense to the Parish's breach of contract claims. The Motions currently before the Court address the availability of solidarity, comparative fault, and contribution claims under Louisiana law.

## LEGAL STANDARD

### I. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8]

**II. Motion for Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[11] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

[5] *Iqbal*, 556 U.S. at 678.

[6] *Id*.

[7] *Lormand*, 565 F.3d at 255–57.

[8] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

[9] Fed. R. Civ. P. 56(c) (2012).

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[11] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[12] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[13] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[14] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[15] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[16]

## LAW AND ANALYSIS

The Motions currently before the Court fall into three categories. First, the Parish's Motion for Partial Summary Judgment (Doc. 517) moves the Court to strike all assertions of comparative fault as a defense to the Parish's breach of contract claims. Second, three of the Motions to Dismiss (Docs. 471, 479, and

[12] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[14] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[15] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[16] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

491) seek to dismiss the Parish's solidarity claims, arguing that comparative fault applies instead. Third, the remaining Motions to Dismiss (Docs. 469, 472, and 519) seek to dismiss claims for contribution and/or indemnity, arguing that the doctrine of comparative fault necessarily precludes such claims. All of the Motions raise a common legal question: whether comparative fault is available as a defense to a breach of contract claim. The Court will address this question first. The Court will then discuss each Motion individually in light of the Court's conclusion. Finally, the Court will briefly address the impact of the Court's ruling on this litigation.

**I. Comparative Fault and Breach of Contract**

In 1996, the Louisiana Legislature adopted significant reforms to Louisiana tort law.[17] One of the more significant reforms was to adopt comparative fault as the method of damage allocation in tort actions. The Principal Contractors and the subcontractors (collectively "Contractors") now contend that this particular reform affected all causes of action in Louisiana. As adopted in 1996, Civil Code article 2323 reads:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as

[17] *See generally* David W. Robertson, *Love and Fury: Recent Radical Revisions to the Law of Comparative Fault*, 59 LA. L. REV. 175 (1998).

> the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
> B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.
> C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.

The Contractors' argument relies primarily on part B of article 2323, which provides that comparative fault "shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability." The Contractors argue that this broad language means that comparative fault principles now apply to all claims governed by Louisiana law, including cases for breach of contract.

The Parish argues that the Contractors' proposed reading of article 2323 is inconsistent with Louisiana law. Specifically, the Parish contends that comparative fault is a tort doctrine that is incompatible with other causes of action. Unfortunately, Louisiana's state and federal courts are split on this question.

The Contractors rely on *Petroleum Rental Tools, Inc. v. Hal Oil & Gas Company* for support.[18] *Petroleum Rental* involved a dispute between four

[18] 701 So. 2d 213 (La. App. 1 Cir. 1997).

parties. Hal Oil, the owner of an oil well, retained Ron Bridges and Associates to manage the drilling operations for the well.[19] During the course of drilling operations, Bridges, on behalf of Hal Oil, purchased some equipment from Tadlock Pipe and Equipment and rented different equipment from Petroleum Rental Tools.[20] During the course of well operations, the equipment purchased from Tadlock failed.[21] That failure was followed in short order by the failure of the equipment leased from Petroleum Rental Tools.[22] The two failures combined to render the well inoperable and litigation ensued.[23] In the suit that followed, Hal Oil sued Petroleum Rental in redhibition and Ron Bridges in negligence.[24] Hal Oil did not sue Tadlock. The trial court held Petroleum Rental liable in redhibition and Bridges liable in negligence and assessed damages against them *in solido*.[25] On appeal, the First Circuit largely affirmed. The Louisiana Supreme Court, however, reversed, and remanded the case to the First Circuit with instructions to assess a percentage of fault to Tadlock, "a non-party to the tort suit."[26] On remand, the First Circuit held that fault should be apportioned among all three parties responsible for the damages (Petroleum Rental, Tadlock,

---

19 *Id*. at 214–15.

20 *Id*. at 215.

21 *Id*.

22 *Id*.

23 *Id*. at 215–16.

24 *Id*. at 216.

25 *Id*.

26 *Petroleum Rental Tools, Inc. v. Hal Oil & Gas Co.*, 683 So. 2d 253, 254 (La. 1996).

and Bridges).[27] The Court concluded that Tadlock's liability in redhibition was "fault" for purposes of article 2323 and assigned fault to all three parties.[28] The opinion assumed, without analysis, that article 2323 applied to redhibition claims.

The Parish, in turn, relies on the Louisiana Fourth Circuit's opinion in *Touro Infirmary v. Sizeler Architects*.[29] *Touro*, which shares some factual similarity with this case, involved the improper construction of a nursing home.[30] After the nursing home was completed, Touro (the owner of the home) noticed that the building leaked during rain storms.[31] As a result, Touro sued the architect on the project.[32] Over the course of discovery, however, Touro expanded the scope of the litigation, adding multiple additional claims and parties.[33] One of those parties, the manufacturer of certain wall covering, asserted the affirmative defense of comparative fault.[34] Touro moved the trial court to dismiss the defense.[35] The court granted Touro's motion, and the manufacturer appealed.[36] On appeal, the Fourth Circuit recognized that the primary question was whether the 1996 amendments to article 2323 expanded

---

[27] *Petroleum Rental Tools, Inc.*, 701 So. 2d at 217.

[28] *Id*. at 217–18.

[29] 900 So. 2d 200 (La. App. 4 Cir. 2005).

[30] *Id*. at 201.

[31] *Id*.

[32] *Id*.

[33] *Id*. at 201–02.

[34] *Id*. at 202.

[35] *Id*.

[36] *Id*.

comparative fault beyond tort claims.[37] The court held that they did not.[38] The Fourth Circuit explained that both the nature of comparative fault, and its placement in the section of the Civil Code dealing with "Offenses and Quasi-Offenses" limited its applicability to tort claims.[39] Specifically, the Court held that "[a] redhibition suit is a contractual action. Comparative negligence may only be asserted in a tort action."[40] The Louisiana Fifth Circuit has also held that comparative fault may only be asserted in a tort action.[41] The Fifth Circuit, like the court in *Touro*, relied on cases decided before the 1996 amendments to come to this conclusion.

The Louisiana Supreme Court was presented with an opportunity to resolve this issue in *Aucoin v. Southern Quality Homes, LLC*.[42] Instead of resolving the dispute, however, the Court merely recognized that the Louisiana circuit courts were split.[43]

Since *Aucoin* was decided in 2008, three federal district courts in Louisiana have addressed the issue and come to differing conclusions. Three days after *Aucoin* was decided, another section of this Court held, without substantial analysis, that comparative fault applied to contract claims.[44] In

[37] *Id*. at 203–04.

[38] *Id*. at 205.

[39] *Id*. at 204.

[40] *Id*. at 205.

[41] *Merlin v. Fuselier Const., Inc.*, 789 So. 2d 710, 717 (La. App. 5 Cir. 2001).

[42] 984 So. 2d 685 (La. 2008).

[43] *Id*. at 693 n.12.

[44] *Chevron U.S.A. Inc. v. Aker Mar., Inc.*, No. 03-2027, 2008 WL 594648, at *1 (E.D. La. Feb. 29, 2008) *rev'd on other grounds* 604 F.3d 888 (5th Cir. 2010).

turn, the Western District held that comparative fault was only applicable to tort claims but did not discuss the issue at length.[45]

The first federal decision to provide a reasoned analysis of this issue is the Western District's decision in *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*[46] In *Hollybrook*, the court concluded that comparative fault did not apply to a redhibition claim for two reasons. First, it held that the specific fault allocation provisions of the redhibition articles controlled over the general tort articles.[47] Second, it found persuasive the fact that the comparative fault articles are found in the section of the Civil Code dedicated to offenses and quasi offenses as opposed to the section dedicated to contracts or obligations in general.[48]

The Court could not locate any additional decisions addressing this issue after the 1996 amendments. Based on these cases, the Parish and the Contractors insist that Louisiana law clearly prohibits or requires, respectively, the application of comparative fault to contract claims. In the Court's view, the law is far from clear.

Nonetheless, this Court is bound under *Erie* to apply the same law as would be applied by the Louisiana Supreme Court.[49] "If [as here] the Louisiana

[45] *Dual Construction, Inc. v. City of Alexandria*, No. 10-1039, 2011 WL 759604, at *3 (W.D. La. Feb. 24, 2011).

[46] No. 09-750, 2011 WL 2214936, at *2 (W.D. La. June 6, 2011).

[47] *Id.* at *3.

[48] *Id.* at *2.

[49] *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

Supreme Court has not ruled on this issue, then this Court must make an '*Erie* guess' and determine as best it can what the Louisiana Supreme Court would decide."[50] "In making an *Erie* guess, [federal courts] defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise."[51] The Court's task is to "predict state law, not create or modify it."[52] The Louisiana Supreme Court's landmark opinion on comparative fault provides some insight.

In *Dumas v. State ex rel. Department of Culture, Recreation & Tourism*, the Louisiana Supreme Court was asked to decide whether comparative fault principles applied in the context of a tort case.[53] While the facts of *Dumas* are not applicable to this case, the Supreme Court's discussion of the 1996 revision is helpful.

The Supreme Court's description of the 1996 amendment to article 2323 is rife with references to tort law. In fact, the Court describes the amendment's purpose as "to abolish solidary liability among non-intentional *tortfeasors* and to place Louisiana in a pure comparative fault system."[54] The Court further characterizes the amendments as "effect[ing] a total shift in *tort* policy."[55] The opinion consistently references the amendments as revising Louisiana's *tort* law but makes no reference to the amendments altering other theories of recovery.

---

[50] *Id.* at 627.

[51] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010).

[52] *Id.*

[53] 828 So. 2d 530 (La. 2002).

[54] *Id.* at 535 (emphasis added).

[55] *Id.* at 538 (emphasis added).

*Dumas*'s consistent reference to the 1996 amendments as changing *tort* law is persuasive. So too is the fact that, as far as the Court can tell, no Louisiana court has applied comparative fault principles to a breach of contract claim.

The Court, finding that Louisiana case law not support the application of comparative fault to contract claims, finds greater support in the very structure of the Louisiana Civil Code. Unlike statutes enacted in common law jurisdictions, the articles of a civil code are carefully organized according to their subject matter.[56] The Louisiana Supreme Court has long held that civil code articles should be construed with regard to their subject matter.[57] It is, therefore, helpful to consider article 2323's placement within the Civil Code.

Article 2323 is found in Title V of Book III of the Civil Code, dealing with obligations that arise without agreement. More specifically, it is located in Chapter 3, which contains Louisiana's tort law. Contract law, however, is found in Title IV of Book III. This, of course, suggests that article 2323 was intended to apply to tort law only.

A closer examination of the Code further supports this conclusion. Title IV of Book III contains specific rules governing the calculation of damages in contract cases.[58] These provisions, among other things, allow a court to reduce the damages owed to a party damaged by another's breach of contract where the

[56] *See generally*, Robert Anthony Pascal, Of the Civil Code and Us, 59 LA. L. REV. 301 (1998); Honorable James L. Dennis, Capitant Lecture, 63 LA. L. REV. 1003 (2003); Katie Drell Grissel, The Legal Fiction of "Clear Text" in Willis-Knighton v. Caddo-Shreveport Sales and Use Tax Commission, 67 LA. L. REV. 523, 525–40 (2007).

[57] *Compare Citizens & Taxpayers of De Soto Parish v. Williams*, 21 So. 647, 654 (La. 1897) *with Pociask v. Moseley*, 122 So. 3d 533, 540 (La. 2013).

[58] La. Civ. Code arts. 1994–2004.

obligee's own negligence has contributed to his damages.[59] The fact that the contracts section of the Code contains its own set of rules regarding damages also counsels against importing a tort article into contract cases.

It is a provision found in Title III of Book III, however, that most strongly counsels against the application of comparative fault in contract cases. Article 1804 provides:

> Among solidary obligors, each is liable for his virile portion. If the obligation arises from a contract or quasi-contract, virile portions are equal in the absence of agreement or judgment to the contrary. If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.

This article, unsurprisingly found in the general obligations provisions, specifically provides that damages are allocated in one manner among co-obligors to a contract and in a different manner among co-obligors to an offense or quasi-offense. Indeed, the comments to the article explicitly state that the allocation of damages "depend[s] on the source of the obligation."[60] In light of the distinction made in article 1804, it seems clear that the Legislature intended to create separate legal regimes governing the allocation of damages in contract and tort actions. Because the Louisiana Legislature has not altered either article 1804 or the damages articles in the section of the code dedicated to conventional obligations, the Court concludes that the Louisiana Supreme Court would likely hold that article 2323 applies to tort claims only.

---

[59] La. Civ. Code art. 2003 ("If the obligee's negligence contributes to the obligor's failure to perform, the damages are reduced in proportion to that negligence.").

[60] La. Civ. Code art. 1804 cmt. (b).

In light of the conclusion that comparative fault is not available as a defense to a breach of contract claim, the Court renders judgment in the following manner.

**II. The Pending Motions**

A. Southeast's Motion to Dismiss – Doc. 469

In this Motion, Southeast Engineers and RLI Insurance Company seek dismissal of contribution and indemnity claims asserted against them by Catco and Hanover. Movants reason that, because comparative fault applies to breach of contract claims, Catco and Hanover can only be held responsible for their own respective fault. The Court has, however, rejected the basic principle underlying Movants' argument. The Parish has alleged that all of the Contractors are solidarily liable to it for its damages. Assuming this allegation to be true (as the Court must in the context of a motion to dismiss), Catco and Hanover are entitled to seek contribution from Southeast to the extent that Catco and Hanover are ultimately determined to be solidarily liable with Southeast. Accordingly, this Motion is denied.

B. Catco's Motion to Dismiss – Doc. 471

In this Motion, Catco moves to dismiss the Parish's claim that Catco is solidarily liable with the other parties sued by the Parish. Catco's Motion is based on its argument that, with regard to breach of contract actions, solidarity has been abolished in favor of comparative fault. The Court has rejected this argument, and the Motion is therefore denied.

C. Sizeler's Motion to Dismiss – Doc. 472

In this Motion, Sizeler, Thompson, Brown Architects seeks dismissal of contribution and indemnity claims asserted against it by Catco and Hanover. Movant's arguments are essentially identical to those made by Southeast and RLI. Accordingly, this Motion is denied for the same reasons as Doc. 469.

D. Mayeux's Motion to Dismiss – Doc. 479

In this Motion, Mayeux's Heating & Air Conditioning, Inc. moves to dismiss the Parish's claim that Mayeux's is solidarily liable with the other parties sued by the Parish. Mayeux's Motion is based on its argument that, with regard to breach of contract actions, solidarity has been abolished in favor of comparative fault. The Court has rejected this argument, and the Motion is therefore denied.

E. Sizeler's Motion to Dismiss – Doc. 491

In this Motion, Sizeler, Thompson, Brown Architects moves to dismiss the Parish's claim that Sizeler is solidarily liable with the other parties sued by the Parish. Sizeler's Motion is based on its argument that, with regard to breach of contract actions, solidarity has been abolished in favor of comparative fault. The Court has rejected this argument, and the Motion is therefore denied.

F. The Parish's Motion for Partial Summary Judgment – Doc. 517

In this Motion, the Parish moves the Court to dismiss all assertions of the defense of comparative fault by parties to breach of contract claims. In response, some parties argue that comparative fault is available and others assert arguments that address the merits of the Parish's claims against them. The Court expressly declines to entertain arguments regarding the merits of the

Parish's breach of contract claims at this stage. The Court does hold that comparative fault is not available as a defense to a breach of contract claim. Therefore, the Parish's Motion is granted. This does not, however, mean that comparative fault is not an issue in this case. As the Court explains in more detail below, comparative fault is, of course, available as a defense to the negligence claims asserted by the Parish.

G. All South's Motion for Partial Summary Judgment – Doc. 519

In this Motion, All South seeks dismissal of contribution claims asserted against it by Catco and Hanover. All South's arguments are essentially identical to those made by Southeast and RLI. Accordingly, this Motion is denied for the same reasons as Doc. 469.

**III. The Impact of the Court's Ruling on this Litigation**

The Court pauses to clarify its view regarding the effect that this ruling has on this litigation. At oral argument, it appeared to the Court that some parties were under the impression that, if comparative fault is not available as a defense to the Parish's breach of contract claims, all parties are necessarily solidarily liable. That is not the law. The Court holds today that comparative fault is not available as a defense to a breach of contract claim. The Court does not, however, hold that all the parties in this case are solidarily liable with each other. To the contrary, an obligation is generally solidary when each obligor is liable for the whole performance.[61] Furthermore, solidarity is never presumed.[62]

[61] La. Civ. Code art. 1794.

[62] La. Civ. Code art. 1796.

Rather, "[a] solidary obligation arises from a clear expression of the parties' intent or from the law."[63] Thus, before the Court can impose solidary liability on the parties to this action, the Parish must demonstrate that the parties are, in fact, solidariliy liable.

Finally, the Court also notes that the Parish has asserted negligence claims against most, if not all, of the parties to this case. As is clear from the Court's discussion in this Order, comparative fault is a defense to a negligence claim. Therefore, the parties that have pled the defense are free to assert it with regard to any negligence claims asserted against them.

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss and All South's Motion for Partial Summary Judgment (Doc. 519) are DENIED, and the Parish's Motion for Partial Summary Judgment (Doc. 517) is GRANTED. The Court holds that comparative fault is not available as a defense to breach of contract claims under Louisiana law.

New Orleans, Louisiana, this 9th day of July, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

[63] *Id.*